**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**PEDRO ALEXANDER MENDEZ-LAINEZ,**

   *Petitioner*,

**v.**                                                    **Case No. 5:26-CV-0667-JKP**

**PAMELA BONDI, et al.,**

   *Respondents.*

## ORDER REQUIRING SUPPLEMENTATION

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed by Petitioner through counsel; a response (ECF No. 5) to that Petition; a reply (ECF No. 6) to that Petition; a Petition for Writ of Habeas Corpus (ECF No. 8) filed without the assistance of counsel and docketed as an amended petition; and a response (ECF No. 9) to the amended petition. Two matters require consideration before the Court reaches the underlying claims raised in this action.

First, hybrid representation, whereby a petitioner and his attorney act as co-counsel, is not permissible. "Petitioner cannot proceed both with and without counsel." *Estrada v. Cockrell*, No. 3:01-CV-0371-P, 2003 WL 21488224, at *2 (N.D. Tex. Apr. 23, 2003) (accepting findings and recommendation of Mag. J.). The Fifth Circuit recognized this truism long ago. *See Lee v. Alabama*, 406 F.2d 466, 469 (5th Cir. 1968) (recognizing that a habeas corpus petitioner has "a right to represent himself or to be represented by counsel, but he has no right to a hybrid representation partly by himself and partly by counsel"). "[T]here is no constitutional right to hybrid representation." *See Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996) (addressing hybrid representation on appeal); *accord United States v. Long*, 597 F.3d 720, 724 (5th Cir. 2010) (in the criminal context there is "[n]o constitutional right to hybrid representations whereby the defendant and his attorney act as co-counsel").

After a petitioner has accepted assistance from counsel, he "cannot then expect to be allowed to file a supplemental pro se brief" or make any other filing even if he "objects to his attorney's strategy or preparation of [filings]." *Myers*, 76 F.3d at 1335. "By accepting the assistance of counsel" the petitioner "waives his right to present pro se briefs" on his own behalf. *Id*. Petitioner, however, has filed an amended petition pro se while stating that it was "Prepared by Detainee in Absence of Legal & Technical Support." Even though Respondents have filed a response to the pro se amended petition, the Court will not consider the pro se filing. It will instead consider the recent response as a supplemental response to the original petition and provide Petitioner an opportunity to file a supplemental reply brief to that response through counsel.

Next, the recent response indicates that, on March 3, 2026, an immigration judge ordered Petitioner removed to Honduras; Petitioner reserved appeal of that order; and such appeal was due on April 6, 2026. The response further recognizes that as of the filing of the response no appeal had yet been processed by the appellate deadline although "it is possible the BIA received Petitioner's appeal by the April 6, 2026, deadline, but has yet to process it." Within Petitioner's supplemental reply brief, counsel for Petitioner shall provide an update as to whether Petitioner has appealed his order of removal. **Petitioner shall file any supplemental reply <u>on or before April 22, 2026</u>**.

**IT IS SO ORDERED this 8th day of April 2026.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**